**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| AIMEE DROEGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-CV-0078 HEA |
| | ) |
| CLERK OF THE U.S. DISTRICT COURT, | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Aimee Droege's submission of a civil complaint and motion for leave to proceed in forma pauperis. Upon consideration of the motion, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, as explained below, the Court finds that the complaint is frivolous and fails to state a claim upon which relief may be granted and will therefore dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard**

This Court is required to review a complaint filed in forma pauperis to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that, *inter alia*, is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced in forma pauperis if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33

(1992) (citing *Neitzke,* 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

The complaint is handwritten on a Court-provided form. In the caption, plaintiff identifies the defendant as "Clerk of the U.S. District Court."

The complaint is a compilation of disjointed and nonsensical statements and legal jargon that defy rational interpretation. Plaintiff has failed to indicate the federal law or constitutional provision under which she is bringing her claims, and she has failed to articulate a specific cause of action under which she is suing defendant. Moreover, plaintiff has failed to indicate the jurisdiction under which she is suing in federal court.

2

Instead, in pages one through forty-four (44) of her sixty-seven (67) page complaint, plaintiff recites a history of "manifest destiny" and gives a background on the women's suffrage leaders in the United States, including Susan B. Anthony, Madame Anneke, Carl Schurz and Elizabeth Cady Stanton. Plaintiff then goes on to detail her education and professional goals and tell the Court what "manifest destiny" means to her. Plaintiff then cites, out of context, several parts of the Bible, the Constitution, quotes from prominent American leaders and U.S. Presidents, Acts of Congress, as well as cases brought before the Supreme Court. She also goes on to cite to several elements of contract law, philosophy and then discusses ethical considerations.

Finally, on page forty-five (45) of her complaint, plaintiff articulates her "Statement of Claim," as follows:

> The court is negligent because the court has a Duty of Care to the plaintiff, Aimee Droege. The tort of negligence is applied here because it is a foreseeable injury to the plaintiff. It is considered a Breach of Reasonable care and damages are owed to the plaintiff, Aimee Droege.

She states, in her "Question Presented,":

> Are the elements of negligence satisfied which are first, duty of care. Does the tortfeasor owe a duty of care to the plaintiff? Secondly, is breach of duty by the tortfeasor. Was there a breach of duty of reasonable care by the tortfeasor, meaning, was the plaintiff's inalienable rights violated? Third, causation of injury to the victim. What is the causation or proximate cause of the injury to the victim? Fourth and lastly, damages. Damages to the victim or actual harm. What are the actual damages to the victim?
>
> Brief Answers: First, is Duty of care. The tortfeasor is the court, and the court does in fact owe a duty of care to the plaintiff Ms. Droege because Ms. Droege has inalienable rights afforded her by the Constitution of the United States of America.
>
> Within the Constitution, the Amendments cover the rights that the plaintiff has and a redress of grievances against the government of the United States. The Second question of whether there was a Breach of Duty of reasonable care, meaning was the plaintiff's inalienable rights violated, the answer is yes because the Constitution affords Ms. Droege maximum protection under the law in her effects as a United States citizen.

The third question of what was the causation or proximate cause of the injury to the victim is the fact that Ms. Droege's rights are in fact being violated per the Constitution of the United States of America.

The Fourth and last question is what are the actual damages to the victim? Ms. Droege is ordering a sum of Three hundred million U.S. dollars, in damages for negligence per redress of grievances per the United States Constitution.

Applicable Statutes: First Amendment, Fourteenth Amendment, Negligence per se Section 1714(a) California Civil Code.

## Discussion

Despite having carefully reviewed and liberally construed the complaint, the Court cannot discern plaintiff's claims. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner.  Even pro se plaintiffs are required to set out their claims and the supporting facts in a simple, concise, and direct manner. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).  Here, plaintiff has not done so. While this Court must liberally construe pro se filings, this Court will not construct claims or assume facts that plaintiff has not alleged. *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for the pro se plaintiff that assumed facts that had not been pleaded). Additionally, plaintiff's allegations are nonsensical, and indeed "rise to the level of the irrational or wholly incredible." *Denton*, 504 U.S. at 33. The Court finds that plaintiff's allegations are clearly baseless as defined in *Denton*. The Court will therefore dismiss this action as frivolous and for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. A separate order of dismissal will be entered herewith.

4

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment [ECF No. 3] is **DENIED AS MOOT**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of January, 2023.

                                              HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE